CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 8 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 7:06CR00045 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| KAREEM BERLIN FARRIOR, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

The case is before the court on the defendant's Federal Rule of Criminal Procedure Rule 33 motion for a new trial. A hearing was held in this matter on January 8, 2007. For the reasons stated below, the defendant's motion will be denied.

Defendant Kareem Berlin Farrior moves for a new trial on the grounds that the prosecution made statements during closing arguments that, when considered cumulatively, impermissibly lowered the government's burden of proof and invaded the province of the jury to determine the weight of the evidence, thereby depriving him of a fair trial. Remarks made during closing arguments can be sufficient to warrant a new trial if they were improper and prejudicially affected the defendant's substantial rights. United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990) (citation omitted). Prejudice is determined by (1) the degree to which the remarks misled the jury, (2) whether the remarks were isolated or extensive, (3) the strength of the case against the defendant absent the remarks, (4) whether the remarks were made to focus the jury's attention to extraneous matters, (5) whether the remarks were invited by the defense counsel's improper conduct, and (6) whether curative instructions were given. United States v. Wilson, 135 F.3d 291, 299 (4th Cir. 1998). Because Farrior did not object to the Assistant United States

Attorney's (AUSA) statements during trial, the standard of review is plain error. Fed. R. Crim. P. 52(b). For the reasons stated below, the court finds that the AUSA's statements were not improper, nor did they substantially prejudice the defendant in this case.

The defendant's arguments focus on several statements made during closing arguments. The defendant contends that while each statement in isolation may not be sufficient to warrant a new trial, the cumulative effect of these statements was such that the jury was given a false impression of the government's burden of proof and its duty to weigh the government's evidence. The AUSA began his closing arguments with general statements regarding the nature of jury trials and the responsibilities of the participating parties. While thanking the jury for its service, he mentioned that some defendants are acquitted based on a technicality, while others are wrongly convicted. He also discussed the importance of trust in the process of making an argument, referring to his opening statements as promises of evidence and asking the jury to judge whether the promises were kept. Additionally, the AUSA made the following statements regarding the nature of the government's burden:

> ...I want to mention one thing about one of my burdens, my burden beyond a reasonable doubt. You have heard the judge talk about that a couple of times. You have heard me mention it in my opening statement.
> Well, what is a reasonable doubt? Because there's some misconception about what that is. I'll tell you what it is not. It is not beyond all doubt. It is not beyond every doubt. It is not beyond each and every single doubt. It is beyond a reasonable doubt, because nothing is a hundred percent certain, except for a few things: death and taxes.
> So that's why the law attaches a reason. Well, what is reason? You are going to hear a jury instruction from the judge defining what reasonable doubt is. And a reason is based on common sense. And you will hear that. It is based on common sense.
> If you recall, yesterday, when we were selecting you all as jurors, okay, I don't recall anybody asking you, "can you leave your common sense at the door for a couple of days and just listen to what I tell you, but don't use your life

2

> experiences?" No. I mean, to the contrary, we want you to use your life experiences. We want you to use your common sense.
>
> So when you evaluate the evidence, you evaluate the testimony, you can ask yourself: Does that make sense? Would I do that? Does that make sense? Does that story make sense?...

At two points following this explanation, the AUSA stated that there was "no other reasonable explanation" for the defendant's behavior.

The defendant argues that the initial mention of the fact that some guilty defendants are acquitted combined with the AUSA's invitation to the jury to place its trust in the AUSA effectively allowed the jury to waive its active role in weighing the evidence presented. The defendant argues that inviting the jurors into this passive posture was particularly prejudicial given the discussion of the government's burden that followed. The defendant further argues that the AUSA specifically invited the jurors to use the wrong standard in determining guilt when he asked them to consider whether they would have made the same decisions as the defendant.

The court finds nothing objectionable in the AUSA's statements. These initial statements regarding the role of the jury and the importance of trust in trials constituted nothing more than the type of rhetorical arguments commonly made by attorneys. Likewise, the AUSA's question, "would I do that?," within the discussion of common sense, is a rhetorical device and did not invite the jurors to convict based on the mere finding that the defendant did not act as they would have. The criminal justice system cannot withstand a presumption that jurors are so easily manipulated as to be overcome by the rhetorical influences of the first attorney to make closing arguments.

The defendant further argues that the AUSA's statements on reasonable doubt constituted an impermissible definition of the burden in violation of United States Court of Appeals for the

3

Fourth Circuit's admonition in *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991). In determining whether statements that explain reasonable doubt are permissible, the inquiry focuses on whether the statement lessened the government's burden of proof by impeding the juror's common sense understanding of the meaning of the phrase. *See United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *Adkins*, 947 F.2d at 950; Murphy *v. Holland*, 776 F.2d 470, 476 (4th Cir. 1985), *vacated on other grounds*, 475 U.S. 625 (1986). The court finds that the AUSA's remarks did not constitute a definition of reasonable doubt and are therefore unobjectionable in themselves.

The remarks made here are similar to those that have been upheld by the United States Court of Appeals for the Fourth Circuit. In *Adkins*, the Court determined that the statement that the government's burden is not "beyond all possible doubt" did not constitute a definition of the term. *Adkins*, 947 F.2d at 950. Likewise, in *Williams*, the Court held that the statement that "reasonable doubt is a real doubt based upon reason and common sense and careful and impartial consideration of all the evidence in the case" was not a definition and "merely admonished the jury to exercise reason and unbiased diligence in reaching a decision." *Williams*, 152 F.3d at 298. The statements made here are similar to those upheld by the Court in both *Adkins* and *Williams*. Here, the prosecution reminded the jury that reasonable doubt is not the equivalent of every doubt or all possible doubt but that it is founded on reason, which is based on common sense. The court determines that these statements provided general guidance to the jury but did not undermine the jurors' lay understandings of the term "reasonable doubt." The court therefore finds that these statements were not impermissible and did not deprive the defendant of his constitutional right to a fair trial.

4

Moreover, the court finds that even if the prosecution's statements had improperly lessened the government's burden of proof, any prejudicial effect was mitigated by two important factors. First, the jury was specifically instructed by the court that it was not to consider the arguments made by the attorneys as evidence in determining guilt or as statements of the law to be applied in the case. The court must presume that the jury heard and heeded this instruction. Second, the government's evidence against the defendant, in absence of the AUSA's closing arguments, was very strong. The court finds therefore that the defendant was not prejudiced in such a way as to deny him his constitutional right to a fair trial.

## Conclusion

The defendant's motion for a new trial on the grounds that the AUSA's closing arguments improperly lessened the government's burden of proof will be denied. The arguments made by the AUSA were not impermissible. Furthermore, even if the statements were improper, the court finds that they did not infringe on the defendant's right to a fair trial in this case because of the court's instructions to the jury and because of the strength of the government's evidence. For these reasons, the defendant's motion will be denied.

DATED this 17th day of January, 2007.

*[signature]*

United States District Judge